JAMES COOPER *v.* W. D. COOPER.

The date of a judgment may be fixed by reference to the record of proceedings in the case, and it is not necessary that the Judge should sign it in open court, or that it should be stated that it was read in open court.
When the plaintiff is the payee of the note sued on, he may strike out or not his special endorsement of the note, and is not bound to show a transfer back to him of the note.

APPEAL from the District Court of the Parish of Union, *Richardson*, J. *Todd & Brigham*, for plaintiff. *W. J. Z. Baker*, for defendant and appellant.

COLE, J. This action is based upon a draft drawn by the defendant on *Messrs. Cleveland & Bro.*, New Orleans, payable to plaintiff or order.

There was judgment for plaintiff, and defendant has appealed.

1. The first objection of appellant is, that the judgment appears to have been rendered without any default having been rendered. That the record shows the evidence to have been taken down, and the case tried on the 12th of April, 1859 ; that the order granting an appeal was taken on the 12th of April, 1859, and it is not shown that any default had been taken before this time. That the record shows that a default was taken on the 13th of April, 1859.

It appears clearly that the latter date is a clerical error. The record shows that the case was taken up and tried on the 12th of April ; and as the judgment states that two judicial days had elapsed since the judgment by default was taken, it is thus shown that the default was taken at least two days before its confirmation.

2. The second objection is, that the judgment has no date, and does not appear to have been signed or read in open court.

The record establishes that the case was tried on the 12th of April, 1859, and that on the same day a motion for an appeal was granted to the defendant in open court. The date of the judgment is thus fixed, and it would appear also that it was signed in open court; but the Code of Practice does not require that the judgment should be dated, or that it should be signed in open court.

Article 543 of the Code of Practice declares, that all judgments must be read by the Judge in open court, but this Code does not require that it should be stated in the judgment, that the judgment has been read in open court; and the District Judge must be presumed to have done his duty and to have read it, as the law directs.

3. It is contended that the plaintiff has not shown himself to be the owner of the draft sued on because the payee, the defendant, had endorsed it to *A. J. Bobo* or order ; and that there is no allegation or proof that the draft was endorsed to *Bobo* for collection or as agent; that there is no proof of retransfer from *Bobo* to the plaintiff.

As the plaintiff was the payee and holder of the note, he had the right to strike out or not his subsequent endorsement to *Bobo*, and he was not bound to prove any transfer back from the subsequent endorser. *Dugan* v. *United States*, 3 Wheaton, 183 ; Story on Notes, §§ 452, 246 ; *Squier* v. *Stockton*, 5 An. 121. Although there is a special endorsement in this case to *Bobo*, it appears evident that it was so endorsed for the purpose of collection ; the draft is endorsed in blank

84

by *Bobo*, and the notary states that it was at the request of *Bobo* it was pro-tested. As plaintiff is the payee of the draft and in possession thereof, and as it has been endorsed in blank by *Bobo*, it is *prima facie* evidence that the plaintiff is the lawful owner of the same. *Wood* v. *Tyson*, 13 An., p. 105.

Judgment affirmed with costs.